IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH EDWIN TONEY, JR., #561319, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1261-G |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: Petitioner pled guilty to burglary of a vehicle in Dallas County, Texas, in Cause No. F90-44728. (Petition (Pet.) at 2). On August 31, 1990, punishment was assessed at twenty-five years imprisonment in TDCJ-CID. (*Id.*). Although Petitioner was released on parole, his parole was revoked on July 20, 2006, and he was recommitted to TDCJ-

CID. (*Id.* at 5). As part of the revocation proceedings, the Texas Board of Pardons and Parole refused to give him credit for the time he served on parole – i.e., street-time or flat time credits. (*Id.* at 7(a)).

On January 16, 2007, Petitioner filed a state application for writ of habeas corpus pursuant to art. 11.07, raising the claims at issue in this case. *See* No. W90-44728-M(B). On June 18, 2007, the Texas Court of Criminal Appeals dismissed the application because Petitioner had not complied with to Tex. Gov't Code § 501.0081(b). *Ex parte Toney*, No. WR-47,994-02,www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=253009.

The instant petition, filed on July 16, 2007, challenges Petitioner's parole revocation, and the denial of street time or flat time credit for the time he served on parole.

<u>Findings and Conclusions</u>: To maintain a habeas corpus action a Petitioner must exhaust his state remedies. *See* 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). The normal procedural mechanism for presenting disputes over time credits when the time for direct appeal has passed has historically been by a post-conviction petition for writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007), and more recently, by resorting first to the procedure outlined in Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2007) before filing the state habeas application. *See Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (concurring opinion) (noting inmate may apply for a writ of habeas corpus under Article 11.07 after inmate

receives written decision issued by highest authority provided for in the resolution system).[1]

A review of the pleadings reflects Petitioner has not exhausted his state court remedies. Since Petitioner challenges TDCJ's refusal to give him credit for the time that he spent on parole, he must first exhaust his administrative remedies under § 501.0081 before seeking state and federal habeas relief.

---

[1] Section 501.0081 provides as follows:

(a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>
> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2007).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state habeas corpus remedies. See 28 U.S.C. § 2254(b).[2]

A copy of this recommendation will be mailed to Petitioner.

Signed this 1st day of October, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] The court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, and that this provision is applicable to this habeas corpus petition, as well as to any other petition which he may filed in the future. *See* 28 U.S.C. § 2244(d).